UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD MICHAEL PORTER,

    Petitioner,

v.                                             Case No. 89-CR-80898

UNITED STATES OF AMERICA,

    Respondent.
                                           /

**ORDER DENYING "MOTION UNDER FEDERAL RULE[ ] OF CIVIL PROCEDURE 60(b)" AND DENYING PETITIONER'S MOTION FOR DISQUALIFICATION OF JUDGE**

Pending before the court are Petitioner Todd Michael Porter's May 16, 2005 "Motion Under Federal Rules of Civil Procedure 60(b)" and his June 2, 2005 "Motion for Disqualification of Judge." Petitioner claims that the court, on December 8, 1999, mistakenly dismissed his motion seeking to vacate or modify his 1991 sentence under 28 U.S.C. § 2255. Petitioner also filed a "Motion for Disqualification of Judge" pursuant to 28 U.S.C. § 455, alleging that this court is "bias and prejudice[d] against Petitioner and has a monetary out-come in any relief sought or gained by Petitioner on any post conviction relief." (Pet'r's Disqualification Mot. at 1.) For the reasons set forth below, the court will deny both motions.

**I. BACKGROUND**

Petitioner was convicted of all charges in a 19 count indictment on November 6, 1990. On May 23, 1991, he was sentenced to 252 months incarceration, eight years of supervised release, and a $950.00 special assessment. (Resp't's Opp'n. to Pet'r's Mot. at 1-2.) The charges included conspiracy to possess with the intent to distribute

cocaine, conspiracy to receive explosives which had traveled in interstate commerce with the knowledge and intent that they be used to unlawfully damage or destroy property, distributing a controlled substance to a person under 21, using a person under 18 to assist in avoiding detection of the cocaine operation, and several counts of receiving explosives while being a controlled substances user. (*Id.*)

Petitioner contends that he was sentenced "unconstitutionally, unlawfully and illegally," but the Sixth Circuit Court of Appeals affirmed his convictions in *United States v. Porter*, 986 F.2d 1014 (6th Cir. 1993), cert. denied, 510 U.S. 933 (1993). (Pet'r's Rule 60(b) Mot. at 2.) On September 17, 1996, he filed a civil suit against the trial judge, the Assistant U.S. Attorney, and others involved in his trial. When that action was dismissed, he unsuccessfully appealed to the Sixth Circuit. (Resp't's Opp'n to Pet'r's 60b Mot. at 2.)[1]

On February 5, 1997, Petitioner filed a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure to correct the judgment, which the court denied for lack of jurisdiction. While that motion was pending, Petitioner also filed a motion to vacate sentence under 28 U.S.C. § 2255 (on April 29, 1997). (*Id.* at 2-3.) The district court had dismissed Petitioner's first § 2255 motion without prejudice on October 27, 1997. (*Id.* at 3.)

On May 22, 1998, Petitioner filed a motion under 28 U.S.C. § 2241 with the Sixth Circuit Court of Appeals, which was docketed as a second or successive § 2255 application. (*Id.*) The Sixth Circuit ruled that Petitioner could file "his § 2255 motion to

---

[1] The Sixth Circuit entered a final determination in the case on November 19, 1998.

2

vacate in the district court after [it] dispose[d] of Porter's remaining related appeal" on the civil case, which the court did on November 19, 1998. (*Id.* at 4.)

On January 14, 1999, Petitioner refiled his 28 U.S.C. § 2255 motion to vacate, and on February 17, 1999, filed a motion to disqualify this court and asking for his case to be transferred to another district judge. (*Id.*)  This court dismissed the January 14, 1999 motion to vacate as untimely. (12/08/99 Order.)  The court and the Sixth Circuit denied him a certificate of appealability. (*Id.* at 5.)

Petitioner then filed ex parte motions for reconsideration and clarification with the Sixth Circuit. (*Id.* at 6.)  The court denied the reconsideration motion. (*Id.*)  Petitioner also filed an "extraordinary writ and petition for writ of mandamus to the Supreme Court" on March 8, 2001 and a corrected version on July 26, 2001. (*Id.*)  Finally, Petitioner filed a motion to correct sentence under 18 U.S.C. § 3582 and Rule 60(b) on November 1, 2004.  This court denied the November 1, 2004 motion on January 16, 2005. (*Id.*)

Before the court are Petitioner's second motion under Rule 60(b), which was filed on May 16, 2005, and his June 2, 2005 motion to disqualify.  Petitioner alleges seven "mistakes" made by the court on previous motions, as well as "fraud committed on this Honorable Court[,] by A.U.S.A. Janet L. Parker [,] and Special Agent Charles Houser A.T.F." (*Id.* at 7-10.)  The seven "mistakes" alleged by Petitioner are: (1) the court's ruling that it lacked jurisdiction to hear Petitioner's motion pursuant to Federal Rules of Criminal Procedure 36; (2) the court's October 27, 1997 dismissal of Petitioner's April 1997 § 2255 motion; (3) the court's holding that the notice of appeal which was filed after the Rule 36 motion was denied took jurisdiction away from the court to hear the § 2255 motion; (4) the court's granting of the government's motion to dismiss his § 2255

3

motion based on the government's allegedly erroneous contention that the motion was time barred; (5) dismissing Petitioner's § 2255 motion on December 8, 1999 because it was violating a higher court order; (6) the court's refusal to recuse itself from hearing Petitioner's § 2255 motion; and (7) the court determination to deny a certificate of appealability. (Pet'r's Rule 60(b) Mot. at 7-9.) He also alleges several instances of bias against him. (Pet'r's Mot. to Disqualify Judge.)

## II. DISCUSSION

### A. Petitioner's Rule 60(b) Motion

The first issue that must be addressed is whether Petitioner should be allowed to seek relief from judgment under Rule 60(b). Previous unpublished Sixth Circuit decisions have conflicted on whether Federal Rule of Civil Procedure 60(b) may be used in post-conviction, post-appeal challenges to federal sentences and convictions. Some courts have ruled that petitioners "simply may not seek relief from a criminal sentence under Fed. R. Civ. P. 59(e) or 60(b)." *United States v. Damon*, 59 Fed. Appx 619, 621 (6th Cir. Jan. 16, 2003) (citing Fed. R. Civ. P. 1; *United States v. O'Keefe*, 169 F3d 281, 289 (5th Cir. 1999); *United States v. Napier*, No. 97-1777, 1998 WL 964244 (6th Cir. Dec. 29, 1998) (unpublished); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)). *See also United States v. Hart/Cross*, 230 F.3d 1360, 2000 WL 1359639 (6th Cir. Sept. 15, 2000) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings.") (citing Fed. R. Civ. P. 1; *Mosavi*, 138 F.3d at 1366). Other Sixth Circuit panels, however, have allowed petitioners to use Rule 60(b) to seek relief from criminal convictions. *See, e.g. United States v. Bender*, 96 Fed. Appx. 344, 345 (6th Cir. April

26, 2004) ("A Rule 60(b) motion may be used to seek relief from the denial of a § 2255 motion, but only if it pertains to issues that were decided in the § 2255 case").

The Sixth Circuit has published the standards to be used when deciding whether to treat a Rule 60(b) motion as a second or successive in the context of a petition seeking habeas relief from a state court conviction under 28 U.S.C. § 2254.[2] The Sixth Circuit has explained that a Rule 60(b) motion should be treated as a second or successive motion for habeas corpus relief under 28 U.S.C. § 2254 "only if the factual predicate in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." *In re Abdur'Rahman,* 392 F.3d 174, 177 (6th Cir. 2004) (citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir.2003)). "If, however, 'the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief,' then it should be treated within the usual standards governing Rule 60(b) relief." *Abdur'Rahman*, 392 F.3d at 181.

---

[2] The United States Supreme Court recently ruled on when a 60(b) motion should be considered a second or successive habeas motion in § 2254 cases. *Gonzalez v. Crosby*, 125 S.Ct. 2641 (June 23, 2005). Although the *Gonzalez* Court specifically limited its analysis to § 2254 cases (see footnote 3), the rules governing § 2255 are almost identical to those governing § 2254, and the Court's reasoning and analysis likely applies in the § 2255 context. The Court ruled that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." 125 S.Ct. at 2648. The Court held that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." 125 S.Ct. at 2651. Therefore, the reasoning of the Supreme Court's most recent decision on Rule 60 and second or successive motions for post-conviction relief comports with those courts that allow petitioners to bring Rule 60(b) motions to seek relief from federal criminal convictions under certain circumstances, depending on the nature of the challenge.

Petitioner's previous § 2255 motion was dismissed and both the district court and the Sixth Circuit denied him a certificate of appealability. In the current motion he raises seven alleged mistakes of the court, including challenges to the court's ruling that it lacked jurisdiction to hear the Federal Rules of Criminal Procedure Rule 36 motion, the dismissal of the previous § 2255 motion, the denial of a certificate of appealability, and the denial of his motion to disqualify the court. These do not directly challenge the constitutionality of his petition, but rather allege procedural mistakes or attack the substance of prior rulings by this court. The court will not construe his 60(b) motion as a second or successive motion under § 2255.

When assuming Petitioner can seek relief pursuant to Rule 60(b) he must still satisfy the standards set out by the rule and cases to obtain relief. Rule 60(b) states:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). Petitioner does not specify under which subsection he has brought his motion; his claims are merely labeled as "mistakes." Given the language of

the rule, subsections (1), (2), and (3) are not implicated because the current motion was not made within one year of the judgment, order, or proceeding.

Subsection (6) allows the court to grant relief for "any other reason justifying relief from the operation of the judgment." To qualify under this subsection, the United States Supreme Court has required a movant to show "extraordinary circumstances" to justify relief and reopening a judgment. *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988) (finding a prisoner who was held in a jail without a "reasonable opportunity" to defend against the charges or protect himself in denaturalization proceedings because he could not hire an attorney did present extraordinary circumstances that extended beyond excusable neglect or mistake). A petitioner "may 'not avail himself of the broad 'any other reason' clause of 60(b)' if his motion is based on grounds specified in clause (1)." *Liljeberg*, 486 U.S. 847 at 864 (citing *Klapprott v. United States*, 335 U.S. 601, 613 (1949)).

As stated earlier, Petitioner cites a number of alleged mistakes as well as fraud on the court as justification for the relief sought. Many of these claims would be time barred under Rule 60(b); however, even if the court were to analyze them under the catch-all provision found in Rule 60(b)(6), Petitioner has not alleged or demonstrated sufficient extraordinary circumstances to justify relief. Petitioner disputes the substance of the court's prior rulings and offers no evidence that anything of which he complains denied him the proper right to defend himself in his motion. The "Motion Under Rules of Civil Procedure 60(b) will denied.

**B. Motion to Disqualify Judge**

Petitioner also filed a "Motion for Disqualification of Judge" pursuant to 28 U.S.C. § 144. The court denied his previous motion to disqualify under 28 U.S.C. § 455 and finds no reason to revisit or alter its determination that relief under § 455 is not warranted.

> 28 U.S.C. § 144 states:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144 (1949). "The difference between §§ 144 and 455 is that section 455 is self-executing, requiring the judge to disqualify himself for personal bias even in the absence of a party complaint." *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir. 1983).

Even when a party files an affidavit under § 144, however, disqualification is not automatic because the district court judge must examine the affidavit to see whether it is timely and legally sufficient. *In Re City of Detroit,* 828 F.2d 1160, 1164 n.2 (6th Cir.1987) (citing *Berger v. United States,* 255 U.S. 22, 32 (1921)). The facts in the affidavit must be accepted as true. *Berger v. United States,* 255 U.S. 22 (1921). The facts in the affidavit "must give fair and adequate support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger,* 255 U.S. at 33. Furthermore, the facts must be sufficient to "convince a reasonable man that a bias

exists." *Story*, 716 F.2d at 1090 (quoting *United States v. Thompson,* 483 F.2d 527, 528 (3d Cir.1973)).  A bias sufficient to justify recusal must be a personal bias "as distinguished from a judicial one," arising "out of the judge's background and association" and not from the "judge's view of the law."  *Story*, 716 F.3d at 1090 (quoting *Oliver v. Michigan State Board of Education,* 508 F.2d at 180, *citing Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir.1956)).  Adverse rulings during the proceedings are not sufficient by themselves to establish bias.  *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956.)  Furthermore, disqualification is not warranted in cases when the alleged grounds are actions of the judge in pending or previous litigation involving the movant. *Southerland v. Irons,* 628 F.2d 978, 980 (6th Cir. 1980) (*citing Sexton v. Kennedy,* 519 F.2d 797 (6th Cir. 1975)).

Petitioner makes broad allegations of conspiracy and bias in his affidavit, but can present no evidence to support his allegations.  He cites one comment made by the court during sentencing, but that comment is simply not sufficient to give adequate support to his serious allegations of judicial bias.  Petitioner's "Motion for Disqualification of Judge" is denied.

### III.  CONCLUSION

IT IS ORDERED that Petitioner's May 16, 2005 "Motion Under Federal Rules of Civil Procedure 60(b)" [Dkt. # 237] is DENIED.

IT IS FURTHER ORDERED that Petitioner's June 2, 2005 "Motion for Disqualification of Judge" [Dkt. # 239] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 3, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522