**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

        Plaintiff,

v.                                              Case No. 89-CR-80898-2-DT
                                                  99-CV-73384-DT

TODD MICHAEL PORTER,

        Defendant.

_____/

**ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On August 15, 2005, Petitioner Todd Michael Porter filed a notice of appeal, in which he appealed the court's August 3, 2005 order denying Petitioner's motion under Federal Rule of Civil Procedure 60(b) and denying Petitioner's motion for disqualification of judge.  On September 13, 2005, the United States Court of Appeals for the Sixth Circuit notified Petitioner that it would not review Petitioner's appeal until this court issued an order addressing whether to certify any issue for appeal.

Under Federal Rule of Appellate Procedure 22, a district court that denies a motion under 28 U.S.C. § 2255 must issue an order either granting or denying a certificate of appealability before an applicant may appeal.  *See* Fed. R. App. P. 22(b) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.").  In this case, however, no ruling on a certificate of appealability is required.

This case has a rather long and complicated procedural history, which is set forth in the court's August 3, 2005 order at pages 2-3.  Briefly, because Petitioner has

previously filed a motion under 28 U.S.C. § 2255, his May 16, 2005 motion could only

be construed as a second or successive habeas petition under 28 U.S.C. § 2244 or a

motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  Under

either scenario, no certificate of appealability is required.

Here, the court construed Petitioner's motion as a motion for relief from judgment

under Federal Rule of Civil Procedure 60(b), and denied the motion because his

mistakes were time-barred under all but subsection six of Rule 60(b), the "catch-all"

provision.   (*See* 8/03/05 Order at 6-7.)  The court further found that Petitioner had not

alleged or demonstrated sufficient extraordinary circumstances to justify relief under

Rule 60(b)(6).  (*Id.* at 7.)  To the extent a ruling on a certificate of appealability is

mandated by the Sixth Circuit, the court declines to issue a certificate because

reasonable jurists would not disagree with the court's conclusion that relief was not

warranted.   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that district court

should not grant a certificate of appealability unless "[t]he petitioner . . . demonstrate[s]

that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong.").  Accordingly,

IT IS ORDERED that the court DECLINES to issue a certificate of appealability.


S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 12, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 12, 2005, by electronic and/or ordinary mail.


2

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\89-80898.PORTER.Rule60(b).COA.wpd